UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ANDREW GROSS,

       Defendant.
_____/

Criminal Action No.
02-CR-80163-DT

HON. BERNARD A. FRIEDMAN

## ORDER DENYING DEFENDANT'S MOTION TO CORRECT CLERICAL MISTAKE (DKT. NO. 114)

This matter is presently before the Court on Defendant's Motion to Correct Clerical Mistake, pursuant to Federal Rule of Criminal Procedure 36. Defendant seeks a reduction in his 120-month sentence for counterfeit securities. Defendant argues that his sentence should run concurrently with another sentence that he is serving, and that he should receive credit for time spent in custody. (Def.'s Mot., 5.) Defendant also seeks a reduction in his sentence for his good behavior and rehabilitation. (Id. at 5-6.)

Defendant was originally sentenced to 120 months on February 12, 2003.[1] Defendant appealed. Defendant also filed a motion for modification of sentence, which the Court denied. On August 5, 2005, the Sixth Circuit affirmed the conviction and remanded the case for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). On February 15, 2006, this Court resentenced Defendant to the same terms as his previous sentence.

---

[1] Defendant's sentence also included a three-year term of supervised release and restitution.

In his motion, Defendant argues that his sentence should run concurrently—not consecutively—with another sentence that he is serving.[2] First, Defendant alleges that during this Court's resentencing hearing, the Government consented to a concurrent sentence. Second, Defendant alleges that he should receive credit for the time that he has already spent in custody. (Def.'s Mot., 3.)

The Court disagrees with Defendant. The Court was very clear when it sentenced Defendant to a *consecutive* 120-month sentence. In its Amended Judgment, the Court expressly stated that Defendant was sentenced to "120 months" of imprisonment, and that his sentence was "*consecutive* to his term of imprisonment under docket number 01-80769-1." (Am. Judgment, 3 (emphasis added).) Moreover, the Court has reviewed the transcript from the resentencing hearing and finds that the Government did not consent to a concurrent sentence. In fact, the Court finds that the Government clearly stated that it was seeking a sentence that was "*consecutive* with the sentence he is currently serving for a federal fraud conviction before Judge Hood." (Resentencing Hr'g, Feb. 15, 2006, Tr. 20 (emphasis added).) Furthermore, during the resentencing hearing, the Court plainly stated that Defendant's sentence "will be *consecutive* to that which you [are] currently serving under Judge Hood" and that the sentence "is to be served *consecutive* with the terms of imprisonment under docket 01-CR-80769-D1." (Id. at 28 (emphasis added).) Therefore, the Court finds that the record indisputably shows that Defendant's sentence is to run *consecutively* to the

---

[2]Defendant is referring to the sentence he received after a criminal trial before Judge Denise Page Hood—01-CR-80769. On April 17, 2002, a jury found Defendant guilty of violating 18 U.S.C. §§ 1341, 1029(a)(2), and 1028(a)(7) for mail fraud, credit card fraud, and identity theft. (01-CR-80769, Dkt. No. 108 at 1.) Judge Hood subsequently sentenced Defendant to "60 months on each mail fraud count, and 84 months on each of the credit card fraud and identity theft counts, with all terms to run concurrent to each other." (Id.)

sentence imposed by Judge Hood.

In addition, Defendant asks for a reduction in sentence because of his post-offense rehabilitation and good behavior. Defendant explains that he has "completed incarceration programs"; joined a "religious group"; participated in "educational programs"; found prison "employment"; and "severed ties with bad associates." (Def.'s Mot., 5.) While the Court applauds Defendant's representations of good behavior and personal growth, the Court will not reduce the sentence.

In conclusion, the Court will deny Defendant's motion. Rule 36 states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." As the Court finds no such error, oversight, or omission, the Court will not reduce Defendant's sentence.

Accordingly,

IT IS ORDERED that Defendant's Motion to Correct Clerical Mistake is denied.


      s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: June 18, 2007
     Detroit, Michigan

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

    /s/ Patricia Foster Hommel
      Patricia Foster Hommel
   Secretary to Chief Judge Friedman