UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ANDREW GROSS,

       Defendant.
_____/

Criminal Action No.
02-CR-80163

HON. BERNARD A. FRIEDMAN

**ORDER TRANSFERRING (1) DEFENDANT'S "MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)" AND (2) DEFENDANT'S "MOTION PURSUANT TO 18 U.S.C.A. FED.RULES CR. PROC.RULE 36" TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

       This matter is presently before the Court on (1) Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) November 1, 2001, Amendment (618)" ("Motion to Reduce Sentence") and (2) Defendant's "Motion Pursuant to 18 U.S.C.A. Fed.Rules Cr. Proc.Rule 36" [sic] ("Rule 36 Motion") [docket entries 135 and 136, respectively]. For the reasons stated below, the Court construes both motions as successive motions under 28 U.S.C. § 2255 and will therefore transfer them to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

       Defendant's Motion to Reduce Sentence is filed under 18 U.S.C. § 3582(c)(2), which states as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau

of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) is potentially operative, if, and only if, a defendant is sentenced under a sentencing range "that has subsequently been lowered by the Sentencing Commission . . . ." Defendant asserts that the length of his sentence should be reduced due to an amendment to the sentencing guidelines that became effective on November 1, 2001 (Amendment 618). However, Defendant was initially sentenced on February 12, 2003, and subsequently re-sentenced on February 15, 2006. Both dates fall after Amendment 618 became effective. Therefore, the sentencing range under which Defendant was sentenced could not have been "subsequently lowered" by an amendment that was in effect at the time of sentencing. In fact, the Court notes that Amendment 618 was in effect before charges were even brought against Defendant in this matter. The Court declines to construe Defendant's Motion to Reduce Sentence under section 3582(c)(2) because the statute does not apply in this case.

Even if Amendment 618 became effective after Defendant was sentenced, the Court would deny any such motion under section 3582(c)(2) as meritless. According to the United States Sentencing Guidelines,

> **§ 1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)**
>
> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is

not authorized.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a) (2007). In turn, subsection (c) specifies: "[a]mendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, and 702." *Id.* at § 1B1.10(c). Amendment 618, the amendment relied upon by Defendant, is not included in this list.

The Court also construes Defendant's Rule 36 Motion as a second or successive motion under 28 U.S.C. § 2255. Federal Rule of Criminal Procedure 36 authorizes the Court to correct clerical errors in its judgments. Defendant believes that the restitution amount ordered by the court is "unlawful." Defendant has made this argument several times before, most recently on September 13, 2007, when Defendant filed a "Motion to Reduce Unlawful Restitution Order and Illegal Sentence Pursuant to 18 USCS § 3663" [sic]. Just as the Court transferred Defendant's September 13, 2007, Motion to the Sixth Circuit Court of Appeals as a second or successive motion under section 2255, the Court does the same today with respect to the motion presently before the Court.

Section 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . ." Neither of the instant motions indicates that Defendant has obtained the required certification from the Sixth Circuit. Nor does any such certification appear on the docket sheet. Accordingly,

IT IS ORDERED that Defendant's Motion to Reduce Sentence [docket entry 135] and his Rule 36 Motion [docket entry 136] are transferred to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

        s/Bernard A. Friedman
        Bernard A. Friedman
        United States District Judge

Dated: January 8, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2008, by electronic and/or ordinary mail.

        s/Carol Mullins
        Case Manager